J-A27007-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ARA J. CHEFTALIAN | : | No. 2199 EDA 2024 |

Appeal from the Order Entered July 22, 2024
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-0003878-2023

BEFORE:  BOWES, J., MURRAY, J., and BECK, J.

MEMORANDUM BY BOWES, J.:                **FILED FEBRUARY 11, 2026**

The Commonwealth of Pennsylvania appeals from the order granting the motion to dismiss pursuant to Pa.R.Crim.P. 600 filed by Ara J. Cheftalian ("Appellee").  We reverse and remand for further proceedings.

This case arises from allegations that Appellee, a landlord, struck Bryan McCleery multiple times with a baseball bat over a dispute about the victim squatting in one of Appellee's apartment rentals.  The victim thereafter self-reported to two different hospitals before ultimately disclosing the incident to police.  The trial court found the following facts concerning the procedural history of the case:

> On May 12, 2023, [Appellee] was arrested and charged with multiple offenses, including attempted murder, aggravated assault, possession of an instrument of crime, terroristic threats, simple assault, and recklessly endangering another person.  The complaint was filed on the same day.  Following a preliminary

hearing on May 30, 2023, [Appellee's charges were] held for court.

Formal arraignment was scheduled for June 13, 2023, and a waiver of appearance at formal arraignment was timely filed. On June 21, 2023, the information was filed.

A scheduling conference was held before [the trial court] on July 12, 2023. The docket indicates that [Appellee] had just received discovery, and the case was assigned . . . for a scheduling conference on July 25, 2023. At [that] . . . conference, discovery remained incomplete, and the matter was continued [at the Commonwealth's request] to October 19, 2023, for the status of discovery and given a waiver trial date of November 29, 2023. [During this time period, the Commonwealth was attempting to obtain the victim's medical records through the issuance of at least a subpoena to the hospitals in question.]

At the status listing on October 19, 2023, no additional discovery was provided. On November 28, 2023, one day prior to trial, the Commonwealth provided the complainant's statement and [law enforcement] body camera footage. On November 29, 2023, the Commonwealth [again] requested a continuance to obtain outstanding discovery, including medical records [relating to the victim's two hospital stays]. The waiver trial was rescheduled for April 2, 2024.

Trial Court Opinion, 1/23/25, at 1-2.

On that date, the Commonwealth noted that it had been unable to obtain the victim's complete medical records, but nonetheless contended that they did not constitute mandatory discovery and were not required to try the case. It also stated that uncertified copies of hospital discharge paperwork had been provided to Appellee with respect to one of the victim's hospital visits months prior. The trial court continued the matter, marking the continuance against the Commonwealth. Specifically, the docket entry indicates: "Commonwealth not Ready – Commonwealth otherwise ready in room with Complaining

- 2 -

Witness Discovery Outstanding – Medical Records Defense Ready Defendant

Present, Signed Subpoena Waiver[.]" Docket, 4/2/24.

The court's summary continues,

The waiver trial was rescheduled for July 23, 2024. [Despite this new trial date being more than one year after charges were filed, the Commonwealth did not seek an earlier date.] On May 13, 2024, [Appellee] contacted the District Attorney's Office to ascertain the status of medical records[, and was informed that the Commonwealth had not obtained anything further]. On May 29, 2024, defense counsel filed a motion to dismiss pursuant to Rule 600.

A motions hearing was scheduled for July 18, 2024, but it was continued to July 22, 2024. . . . [T]he court granted the defense's motion. . ., dismissing all charges against [Appellee]. The Commonwealth's motion for reconsideration was denied [after oral argument].

Trial Court Opinion, 1/23/25, at 3.

This timely appeal followed. The trial court ordered the Commonwealth to file a concise statement of errors complained of on appeal,[1] and the Commonwealth complied. It presents a single question for review:

Did the lower court err in dismissing the charges pursuant to an alleged violation of Pa.R.Crim.P. 600, where the Commonwealth was trial-ready before the adjusted run date, and where trial was only thereafter rescheduled because [Appellee] refused to proceed to trial without certified copies of the victim's medical records—which were not mandatory discovery, which the Commonwealth did not possess or intend to introduce at trial, which it courteously attempted to obtain on [Appellee]'s behalf and for his sole benefit, and which he could have procured himself

_____

[1] We remind the trial court that all Rule 1925(b) orders must specify both the place the appellant "can serve the Statement in person and the address to which the appellant can mail the Statement." Pa.R.A.P. 1925(b)(3)(iii).

through the exercise of the same compulsory process available to the Commonwealth?

Commonwealth's brief at 4.

At the outset, we note that the Commonwealth's challenge is limited to whether one particular continuance of trial, ordered by the court at a trial listing on April 2, 2024, should have been held against it. *See*, *e.g.*, N.T. Argument, 8/8/24, at 4 ("[T]he Commonwealth concedes that the time before that is includable."). We begin with the legal tenets pertinent to this claim:

> Our standard of review in evaluating speedy trial issues is whether the trial court abused its discretion, and our scope of review is limited to the trial court's findings and the evidence on the record, viewed in the light most favorable to the prevailing party. An abuse of discretion is not merely an error of judgment, but if in reaching a conclusion the law is overridden or misapplied, or the judgment exercised is manifestly unreasonable, or the result of partiality, prejudice, bias or ill-will[,] discretion is abused.
>
> Our Supreme Court has previously explained that Rule 600 was adopted in order to protect defendants' constitutional rights to a speedy trial under the Sixth Amendment of the United States Constitution and Article I, [§] 9 of the Pennsylvania Constitution, in response to the United States Supreme Court's decision in **Barker v. Wingo**, 407 U.S. 514 (1972). Our Supreme Court has also recognized that Rule 600 has the dual purpose of both protecting a defendant's constitutional speedy trial rights and protecting society's right to effective prosecution in criminal cases. In determining whether an accused's right to a speedy trial has been violated, consideration must be given to society's right to effective prosecution of criminal cases, both to restrain those guilty of crime and to deter those contemplating it.
>
> Turning to its text, Rule 600 requires that "trial in a court case in which a written complaint is filed against the defendant shall commence within 365 days from the date on which the complaint is filed." Pa.R.Crim.P. 600(A)(2)(a).

*Commonwealth v. Mullen*, 341 A.3d 799, 803 (Pa.Super. 2025) (brackets and ellipses removed, citation omitted).

Our Supreme Court has elucidated the parameters for the pivotal analysis in such Rule 600 appeals thusly:

> To decide whether the rule was violated, a court must first calculate the mechanical run date, which is 365 days after the complaint was filed, and then must account for any excludable time. Rule 600 explains the computation of time as follows: "periods of delay at any stage of the proceedings caused by the Commonwealth when the Commonwealth has failed to exercise due diligence shall be included in the computation of the time within which trial must commence. Any other periods of delay shall be excluded from the computation." Pa.R.Crim.P. 600(C)(1).
>
> As th[e Supreme] Court unanimously clarified . . ., the first sentence of Rule 600(C)(1) expresses the general rule[ that] Rule 600 establishes two requirements that must be met for delay to count toward the 365-day deadline: (1) the delay must be caused by the Commonwealth; and (2) the Commonwealth must have failed to exercise due diligence. The second sentence of Rule 600(C)(1) then explains that "[a]ny other periods of delay" — meaning any periods of delay not caused by the Commonwealth or not resulting from the Commonwealth's lack of due diligence — are excludable and are removed from the computation of the Rule 600 deadline. Pa.R.Crim.P. 600(C)(1). Once the excludable time is calculated, this time is added to the mechanical run date to produce the adjusted run date, which is the deadline for the Commonwealth to bring the defendant to trial under Rule 600.

*Commonwealth v. Lear*, 325 A.3d 552, 560 (Pa. 2024) (some quotation marks and internal citations omitted).[2]

---

[2] One limited exception to this rule involves "judicial delay," such as that caused by a trial court's congested calendars. *See id*. at 561. This delay is "excludable if the Commonwealth exercised diligence during that time." *Commonwealth v. Johnson*, 289 A.3d 959, 982 (Pa. 2023) (citation
*(Footnote Continued Next Page)*

Since it ties into the trial court's analysis, we also consider the difference between mandatory and discretionary discovery in criminal cases. With respect to mandatory discovery:

> In all court cases, on request by the defendant, and subject to any protective order which the Commonwealth might obtain under this rule, the Commonwealth shall disclose to the defendant's attorney all of the following requested items or information, provided they are material to the instant case. The Commonwealth shall, when applicable, permit the defendant's attorney to inspect and copy or photograph such items.
>
> > (a) Any evidence favorable to the accused that is material either to guilt or to punishment, and is within the possession or control of the attorney for the Commonwealth;
> >
> > . . . .
> >
> > (f) any tangible objects, including documents, photographs, fingerprints, or other tangible evidence[.]

Pa.R.Crim.P. 573(B)(1). Further, we have held that this rule requires disclosure where, among other things, the item or information sought is "within the possession or control of the prosecutor." *Commonwealth v. Kelly*, 325 A.3d 1262, 1267 (Pa.Super. 2025) (citation omitted).

On the other hand, for discretionary discovery our rules provide that:

> [i]n all court cases, except as otherwise provided in Rules 230 (Disclosure of Testimony Before Investigating Grand Jury) and 556.10 (Secrecy; Disclosure), if the defendant files a motion for pretrial discovery, the court may order the Commonwealth to allow the defendant's attorney to inspect and copy or photograph

---

omitted). Since we conclude in our discussion *infra* that the Commonwealth was trial-ready at the listed date on April 2, 2024, any judicial delay after that date which caused trial to occur more than 365 days beyond the adjusted run date is excludable.

any of the following requested items, upon a showing that they are material to the preparation of the defense, and that the request is reasonable:

. . . .

(iv) any other evidence specifically identified by the defendant, provided the defendant can additionally establish that its disclosure would be in the interests of justice.

Pa.R.Crim.P. 573(B)(2).

In its Rule 1925(a) opinion explaining its reasoning for granting Appellee's motion to dismiss, the trial court first found that the medical records in question fell within the purview of the mandatory discovery rule. *See* Trial Court Opinion, 1/23/25, at 3. Specifically, it determined that the records were "crucial for understanding the extent of the complainant's injuries and the timeline of events," and therefore were material to the defense. *Id*. Alternatively, the court concluded that even if the records did not constitute mandatory discovery, the Commonwealth nevertheless made numerous representations to Appellee that it would procure them, which "created a reasonable reliance" of Appellee to have access to them.[3] *Id*.

Next, the trial court set forth its Rule 600 analysis. It started by noting a mechanical run date of May 11, 2024, one year after the criminal complaint

---

[3] The court's opinion also briefly discusses two other pieces of evidence that the Commonwealth evidently failed to provide, namely initial police contact records with the victim and records from Uber, the ridesharing service that the victim allegedly utilized when leaving one of the hospitals. *See* Trial Court Opinion, 1/23/25, at 3. However, neither of these items was noted within the relevant docket entry as being a reason for the continuance granted on the April 2, 2024 trial date. Thus, we do not consider that component of the court's rationale.

was filed. *Id*. at 5. It then found that no time in this matter was excludable for Rule 600 purposes, opining as follows:

> [The] Commonwealth's lack of due diligence throughout the life of this case is evident from the docket. [The] Commonwealth represented on July 25, 2023, October 19, 2023, and November 29, 2023, that it would provide the requested discovery and requested continuances accordingly. If the discovery was truly not mandatory, as the Commonwealth [first] asserted on April 2, 2024, why did the Commonwealth continually request continuances in order to acquire it? And finally, considering that the mechanical run date for the case was May 11, 2024, it was not diligent for the Commonwealth to fail to request a trial date before that deadline during the April 2, 2024 hearing.

*Id*. Thus, the court determined that the Commonwealth had failed to bring Appellee to trial within 365 days, which entitled Appellee to relief. *Id*.

In contrast, the Commonwealth argues that it "was trial-ready at a trial listing [on April 2, 2024,] before the adjusted run date. Trial was only rescheduled for a later date because [Appellee] refused to proceed without certified copies of the victim's medical records, despite having received [partial] uncertified copies ten months prior." Commonwealth's brief at 12. Further, it contends:

> The Commonwealth did not intend to introduce the certified records [at trial], let alone possess them. Therefore, the lower court erred as a matter of law by subjecting the Commonwealth to a due diligence inquiry for its good faith attempts to obtain the certified records from the third-party hospital on [Appellee]'s behalf and for his sole benefit, where it had no legal obligation to do so—the records were not mandatory discovery, the court had not issued an order directing the Commonwealth to obtain them, and [Appellee] did [not] even attempt to obtain them himself despite having equal power to do so.

*Id*.

- 8 -

The Commonwealth additionally maintains that this matter is similar to *Commonwealth v. Corbin*, 336 A.3d 1016, 2025 WL 945815 (Pa.Super. 2025) (non-precedential decision). *See* Commonwealth's brief at 15-16. There, we reversed a trial court's order granting the defendant's motion to dismiss pursuant to Rule 600. In so doing, we noted, *inter alia*, the trial court's acknowledgment that victim medical records in an attempted homicide case do not fall under the purview of mandatory discovery. *See Corbin*, 2025 WL 945815, at *7. This Court stated: "The trial court's finding, that Corbin needed this discovery for his defense, is not dispositive for Rule 600 purposes. Instead, the relevant query is whether the Commonwealth's alleged failure to provide this discretionary discovery could be construed against it. Under our jurisprudence, we hold it could not." *Id*. (citing *Commonwealth v. Andrews*, 213 A.3d 1004, 1014 (Pa.Super. 2019)). We additionally relied upon caselaw, as the Commonwealth does on appeal here, for the proposition that "[w]here the evidence is equally accessible or inaccessible to both the Commonwealth and the defense, the defense cannot use the discovery rules against the Commonwealth for its failure to produce the evidence." *Id*. (citing *Commonwealth v. Santos*, 176 A.3d 877, 883 (Pa.Super. 2017)).

For his part, Appellee avers that the trial court's findings are supported by the record and seeks to clarify purported misstatements from the Commonwealth in its brief. Particularly, he argues:

> The Commonwealth repeatedly - and incorrectly - emphasizes . . . that the defense requested certified records and refused to proceed without certified copies. It further errs by stating that

> the defense received "uncertified copies nearly 300 days earlier." This statement gives this Court a false impression that a set of non-certified medical records were passed. They were not. Generic, limited information patient-copy discharge paperwork was passed, which is why the Commonwealth stood at the bar of the court on July 12, 2023, July 25, 2023, October 19, 2023, and November 29, 2023, assured the trial court they would procure all of the medical records (and the aforementioned outstanding discovery), and requested continuances to do so.

Appellee's brief at 6 (internal citations omitted). Appellee also distinguishes **Corbin** from the instant matter because in that case, there was no evidence that the defense requested the discovery, whereas here, the discovery was informally sought by Appellee, and the Commonwealth agreed to secure it. **Id**. at 7.

Upon review of the applicable law and the certified record, we find that the trial court erred in granting Appellee's motion to dismiss pursuant to Rule 600. Unlike the trial court, we cannot conclude that the victim's hospital records, which the Commonwealth was unable to secure, constituted mandatory discovery. Specifically, the records did not fall within Pa.R.Crim.P. 573(B)(1) because they were not in the Commonwealth's possession. Rather, they were at best discretionary discovery, provided that Appellee filed a pre-trial motion for discovery and could "additionally establish that its disclosure would be in the interests of justice." Pa.R.Crim.P. 573(B)(2)(iv). Although the trial court and Appellee placed great emphasis on the defense's need for the records and Appellee's reliance on the Commonwealth's gesture to procure them, those do not affect the Rule 600 analysis.

As such, like the **_Corbin_** Court, we are presented with the inquiry of "whether the Commonwealth's alleged failure to provide this discretionary discovery could be construed against it." **_Corbin_**, 2025 WL 945815, at *7. Our caselaw definitively concludes that this is impermissible. **_See_**, **_e.g._**, **_Andrews_**, 213 A.3d at 1013 (finding that a defendant's late pretrial motion for discretionary discovery, which "placed an obligation on the prosecution that required the delay of the trial's commencement," was excludable for Rule 600 purposes). Additionally, we agree with the Commonwealth insofar as the records in question were within the subpoena power of Appellee, who neglected to take any steps to protect his own interests by securing them, notwithstanding the Commonwealth's representations. **_See_**, **_e.g._**, **_Santos_**, 176 A.3d at 883 ("Where the evidence is equally accessible or inaccessible to both the Commonwealth and the defense, the defense cannot use the discovery rules against the Commonwealth for its failure to produce the evidence[.]" (citation omitted)).

Furthermore, the record plainly reflects that, aside from the disputed discretionary discovery, the Commonwealth was "otherwise ready" to proceed to the listed trial on April 2, 2024. It appeared with its complaining witness and Appellee was also present and ready to proceed. This was within the 365-day limit imposed by Pa.R.Crim.P. 600(A)(2)(a). The fact that trial was continued by the court against the Commonwealth's wishes, for the Commonwealth to both obtain and produce medical records, not in its possession and without a court order, cannot be held against the

Commonwealth. Since the delay was neither caused by the Commonwealth itself nor its lack of due diligence, it was excludable for Rule 600 purposes. *See Lear*, 325 A.3d at 560. Thus, the court erred in granting Appellee's motion to dismiss.

Based on the above, we reverse the trial court's order dismissing the charges against Appellee.

Order reversed. Case remanded. Jurisdiction relinquished.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 2/11/2026